IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LEVI BIERWILER,<br><br>                           Plaintiff,<br><br>vs.<br><br>OFFICER GOODWIN,<br><br>                           Defendant. | **CV-16-09-GF-BMM**<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Levi Bierwiler, an inmate proceeding in forma pauperis and without counsel, filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983, alleging that Defendant Officer Goodwin discriminated against him based upon race by confiscating playing cards. (Doc. 1.) Defendant filed a motion for summary judgment arguing that Bierwiler had failed to exhaust his administrative remedies. (Doc. 16.) United States Magistrate Judge John Johnston issued Findings and Recommendations in this matter. (Doc. 25.) Judge Johnston recommended that the Court deny Defendant's motion because he failed to meet the burden of demonstrating that administrative remedies were available and Bierwiler failed to properly use those remedies. *Id.* at 1.

No party has filed objections. The Court has reviewed Judge Johnston's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v.*

1

*Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error.

## I. BACKGROUND

Officer Goodwin confiscated playing cards from Bierwiler during a cell search at Crossroads Correctional Center ("CCC") in Shelby, Montana. Officer Goodwin seized the cards on the grounds that they exceeded the prison's allowable property limits. Bierwiler alleges that Officer Goodwin targets Native Americans and Mexicans in performing cell searches, and that Officer Goodwin confiscated the cards because of Bierwiler's race. (Doc. 1.)

CCC's mandatory grievance policy applied to Bierwiler. The policy establishes a three-step grievance process. Judge Johnston detailed the process in his Findings and Recommendations. (Doc. 25 at 3-5.) Bierwiler followed the process and filed a grievance. *Id.* at 5. The response directed Bierwiler to "fill out lost stolen/claim form." *Id.* Bierwiler did not submit an appeal to the warden/administrator from the decision that he received from CCC staff in response to his grievance. *Id.*

## II. DISCUSSION

Judge Johnston recommended that the Court deny Officer Goodwin's motion for summary judgment. Summary judgment is appropriate where no

2

genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). A prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005).

Bierwiler filed a grievance. CCC responded that he should fill out a lost stolen/claim form. The record does not indicate whether Bierwiler filled out this form, whether his cards were replaced, or what occurred thereafter. Bierwiler argues that he "won" two grievances filed against Officer Goodwin, that his cards were to be replaced, and the officer was found in the wrong.

"The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance. *Brown*, 422 F.3d at 935 (citing *Booth*, 532 U.S. 731). Thus, once a prisoner has won all the relief that is available, his administrative remedies are exhausted. *Brown*, 422 F.3d at 935.

Defendants have failed to show that Bierwiler did not exhaust the administrative remedies available to him.

## III. ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 25) is **ADOPTED IN FULL**. Defendant's motion for summary judgment (Doc. 16) is **DENIED**.

DATED this 11th day of July, 2017.

Brian Morris
United States District Court Judge