IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LEVI BIERWILER,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER GOODWIN,<br><br>Defendant. | CV 16-00009-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Levi Bierwiler, a federal prisoner proceeding in forma pauperis and without counsel, filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 alleging Defendant Goodwin discriminated against him based upon race by confiscating playing cards on December 25, 2015. (Doc. 1.) Because Mr. Bierwiler was a federal prisoner at the time his allegations arose, his claims are construed as being brought pursuant to pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendant filed a motion for summary judgment arguing that Mr. Bierwiler cannot bring a *Bivens* claim against him as a correctional officer at a privately owned prison. (Doc. 33.) The Motion for Summary Judgment should be granted

1

and this matter dismissed.

**I.      STANDARD**

Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact.  *Id*.  On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment.  *Id*. at 159.

A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

By notice provided on January 12, 2018 (Doc. 38), Mr. Bierwiler was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998)(en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## II. FACTS

Mr. Bierwiler was convicted in federal court and sentenced on February 24, 2017 to the custody of the Bureau of Prisons. *See United States v. Bierwiler*, 15-CR-00053-BLG-SPW, Doc. 80. Mr. Bierwiler was housed at Crossroads Correctional Center ("Crossroads") in Shelby, Montana in December 2015. (Statement of Undisputed Facts ("SUF"), Doc. 37 at ¶ 5.) At all times while he was housed at Crossroads, Mr. Bierwiler was a federal prisoner in the custody of the United States Marshals Service. (SUF, Doc. 37 at ¶ 6.)

On December 25, 2015, Officer Goodwin confiscated playing cards on the grounds that they were in excess of the prison's allowable property limits. Mr. Bierwiler alleges Officer Goodwin targets Native Americans and Mexican in performing cell searches such as the one done on December 25, 2015 and that the excess cards were confiscated because of race. (Complaint, Doc. 1.)

## III. DISCUSSION

Crossroads is a private prison where Mr. Bierwiler was incarcerated under an agreement with the United States Marshals. Even though the Crossroads' employees are private individuals, Mr. Bierwiler was in federal custody while incarcerated at Crossroads, therefore Defendant is considered a federal actor rather than a state actor for purposes of this case. *Pollard v. GEO Group, Inc.*, 607 F.3d

583, 588–89 (9th Cir. 2010), *rev'd on other grounds sub nom. Minneci v. Pollard*, 565 U.S. 118 (2012); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 940–41 (1982); *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

Normally an action for constitutional violations committed by federal actors can be brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The United States Supreme Court, however, has made clear that a prisoner cannot assert a *Bivens* claim for damages against private prison employees or the corporations who own and operate private correctional facilities. *Minneci,* 565 U.S. 118; *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001).

In *Minneci*, the plaintiff was a federal prisoner, housed at a facility operated by a private company, who sought relief against its employees for the deprivation of adequate medical care. *Minneci*, 565 U.S. at 121. The Supreme Court declined to extend *Bivens* in this situation, because the plaintiff could seek a remedy under state tort law. *Id.* at 131. Specifically, the Court stated:

> [W]here . . . a federal prisoner seeks damages from privately
> employed personnel working at a privately operated federal prison,
> where the conduct allegedly amounts to a violation of the Eighth
> Amendment, and where that conduct is of a kind that typically falls
> within the scope of traditional state tort law (such as the conduct

> involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

*Id.* at 131.

The Court found that no *Bivens* claim was available in *Minneci* "primarily because Pollard's Eighth Amendment claim focuses upon a kind of conduct that typically falls within the scope of traditional state tort law. And in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Minneci,* 565 U.S. at 125.

The Ninth Circuit has held that *Minneci* did not completely foreclose applying *Bivens* to private actors. *Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018)(citing *Minneci*, 565 U.S. at 130 ("[W]e concede that we cannot prove a negative or be totally certain that the features of state tort law relevant here will universally prove to be, or remain, as we have described them.")). But for reasons similar to those set forth in *Vega*, the Court finds that Mr. Bierwiler cannot proceed on his racial discrimination claim under *Bivens*.

The United States Supreme Court significantly limited actions under *Bivens* in *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017). In order to determine whether a plaintiff has an implied right of action under *Bivens*, the Court must consider

5

whether the "case is different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Ziglar*, 137 S.Ct. at 1859. If so, the Court must consider "whether there were alternative remedies available or other sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy in a suit like this one." *Id.* (internal quotation marks omitted).

The United States Supreme Court has approved of an implied damages remedy under *Bivens* in three instances. *See Bivens*, 403 U.S. 388 (Fourth Amendment violation against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment Due Process violation for gender discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments violation for failure to provide medical care to a prisoner).

"[A] case can present a new context for *Bivens* purposes if it implicates a different constitutional right; if judicial precedents provide a less meaningful guide for official conduct; or if there are potential special factors that were not considered in previous *Bivens* cases." *Ziglar*, 137 S.Ct. at 1864. The Fifth Amendment has never been the subject of a *Bivens* claim related to racial discrimination. Although *Davis* did raise issues of discrimination, it was a gender discrimination claim under the equal protection component of the Fifth

6

Amendment's Due Process Clause against a United States Congressman. Mr. Goodwin is an employee of a private prison and as such would represent a new class of defendants which plainly presents a "new context" under *Ziglar*. *See Vega,* 881 F.3d at 1153. Moreover, the Supreme Court has specifically disapproved of extending *Bivens* in cases similar to Mr. Bierwiler's. *See Chappell v. Wallace*, 462 U.S. 296 (1983)(no *Bivens* action in a race-discrimination suit against military officers); *Minneci v. Pollard*, 565 U.S. 118 (2012)(no *Bivens* cause of action in an Eighth Amendment suit against prison guards at a private prison.)

Even if this case did not differ in a meaningful way from previous *Bivens* actions, it should not proceed under *Bivens* because there are alternative state remedies available. The conduct of which Mr. Bierwiler complains–racial discrimination–falls within the scope of traditional state tort law for which Montana provides a remedy. *See e.g., Edmundson v. Montana Dep't of Corrections*, 353 P.3d 505 (Mont. 2015); *Walker v. State*, 68 P.3d 872, 882 (Mont. 2003)("Art. II, Sec. 4 of Mont. Constitution precludes discrimination based on race and other protected classifications, including against prisoners).

The Court should decline to extend *Bivens* to a race discrimination claim brought by a federal prisoner against an employee of private prison company. As

such, Defendant's motion for summary judgment should be granted and this matter dismissed.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Defendant's Motion for Summary Judgment (Doc. 33) should be GRANTED and this matter DISMISSED.

2. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Bierwiler is being served

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 22nd day of May, 2018.

                                          /s/ John Johnston
                                          John Johnston
                                          United States Magistrate

---

by mail, he is entitled an additional three (3) days after the period would otherwise expire.