# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| LEVI BIERWILER,<br><br>       Plaintiff,<br>v.<br><br>OFFICER GOODWIN,<br><br>       Defendant. | CV-16-09-GF-BMM-JTJ<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

      Plaintiff Thomas Bierwiler filed his complaint on January 5, 2016. (Doc. 1.) Bierwiler alleges that Defendant Goodwin, a correctional officer at Crossroads Correctional Center in Shelby, Montana, discriminated against him based on race by confiscating a pack of playing cards. *Id*. Defendant Goodwin has moved for summary judgment because Mr. Bierwiler cannot bring a *Bivens* claim against a correctional officer at a privately-owned prison. (Doc. 33.)

      United States Magistrate Judge John Johnston issued an Order and Findings and Recommendations in this matter on May 22, 2018. (Doc. 41.) Judge Johnston recommended that the Court grant Goodwin's motion for summary judgment. (Doc. 41 at 8.)

      No party filed objections to Judge Johnston's Findings and Recommendation. The Court has thus reviewed the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656

1

F.2d 1309, 1313 (9th Cir. 1981). The Court finds no error in Judge Johnston's Findings and Recommendation, and adopts them in full.

Judge Johnston recommended that the Court grant Defendant Goodwin's motion for summary judgment because a prisoner cannot assert a claim for damages against private prison employees or the corporations who own and run private prisons where a state tort law remedy is available. *Minneci v. Pollard*, 565 U.S. 118 (2012).

A claimant ordinarily may bring an action for constitutional violations committed by federal actors in federal court under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* does not apply, however, where the claimant is a prisoner seeking damages from privately employed personnel at a privately operated federal prison for conduct "that typically falls within the scope of traditional state tort law." *Minneci*, 565 U.S. at 131. The claimant must instead seek a remedy under state tort law. *Id*.

Bierwiler's complaint alleges racial discrimination. The Court finds no clear error in Judge Johnston's finding that Montana tort law provides a remedy for such claims. (Doc. 41 at 7.) The Court further finds no error in Judge Johnston's recommendation that Defendant Goodwin is entitled to summary judgment on these grounds. *Id*. at 8.

**ORDER**

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 41) is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 33) is **GRANTED** and this matter is **DISMISSED**.

The Clerk of Court is directed to close this case and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall further have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 24th day of July, 2018.

Brian Morris
United States District Court Judge